DLD-060                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-2966
_____

SALVATORE MORETTI,
                                        Appellant

v.

MICHAEL MORDAGA; JOHN DOE; JANE DOE
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civ. No. 2-17-cv-04463)
District Judge:  Honorable Kevin McNulty
_____

Submitted for Possible Dismissal Due to a Jurisdictional Defect and
Possible Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
December 20, 2018
Before:  JORDAN, GREENAWAY, Jr., and NYGAARD, <u>Circuit</u> <u>Judges</u>

(Opinion filed: January 16, 2019)
_____

OPINION[*]
_____

PER CURIAM

     Salvatore Moretti appeals from the order of the District Court dismissing his

complaint.  We will affirm.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Moretti, who claims to be a law school graduate, is a frequent pro se litigant. In this case, he filed suit pro se against Michael Mordaga, whom he identified as a police officer, and a John and Jane Doe. As the District Court aptly observed, Moretti's complaint "covers a bewildering variety of personal and historical events." (ECF No. 54 at 1.) In general, though, and as summarized more thoroughly by the District Court, Moretti appeared to claim that Mordaga was responsible for a number of seemingly unrelated assaults, arsons, and political and property dealings dating back to the 1970s that Moretti claims have injured him and many others. Moretti also filed a motion to stay a New Jersey state-court proceeding brought by Effect Lake LLC, which he does not appear to have mentioned in his complaint but which he claimed is seeking to foreclose on his home. Mordaga filed a motion to dismiss Moretti's complaint under Fed. R. Civ. P. 12(b)(6) on numerous grounds. The District Court granted that motion,[1] but it dismissed Moretti's complaint without prejudice and with leave to amend.

Moretti filed this appeal instead. Our Clerk notified him that this appeal might suffer from a jurisdictional defect because the District Court dismissed his complaint without prejudice. In response, Moretti unambiguously states that he is standing on his

---

[1] Mordaga initially answered Moretti's complaint, but a Magistrate Judge later granted Mordaga leave to file a motion to dismiss and Mordaga then filed a motion under Rule 12(b)(6). There is no need to consider whether the District Court should have treated Mordaga's motion as a motion for judgment on the pleadings under these circumstances because, for present purposes, "a motion for judgment on the pleadings under Rule 12(c) is identical to a motion to dismiss for failure to state a claim under Rule 12(b)(6)."

complaint "without revision."  Thus, the District Court's order is final, and we have jurisdiction under 28 U.S.C. § 1291.  See Hoffman, 837 F.3d at 279.

We will affirm.  As more thoroughly explained by the District Court, Moretti's complaint—however liberally construed—neither suggests the existence of any plausible claim to relief against the sole named defendant, see Ricks v. Shover, 891 F.3d 468, 473 (3d Cir. 2018), nor otherwise complies with the pleading requirements of Fed. R. Civ. P. 8.  For these reasons, this appeal presents no substantial question and we will affirm the judgment of the District Court.  See 3d Cir. L.A.R. 27.4 (2010); 3d Cir. I.O.P. 10.6. Moretti's motions and requests for relief, including his motion to enjoin the state-court foreclosure proceeding,[2] are denied.

---

Hoffman v. Nordic Nats., Inc., 837 F.3d 272, 279 n.47 (3d Cir. 2016), cert. denied 137 S. Ct. 2296 (2017).

[2] Moretti requested that we stay a hearing that was scheduled for September 18, 2018, but his motion did not arrive at this Court until the following day.  In any event, Moretti has not shown any basis for us to exercise any authority we may have to stay the state-court proceeding.